OPINION
{¶ 1} This matter is before the Court on the Notices of Appeal of Travell Lyles, filed November 21, 2007, in two separate cases, 2006 CR 2149, and 2006 CR 4833. Lyles was convicted of possession of cocaine, a felony of the fifth degree, in case number 2006 CR 2149, and he was also convicted of possession of cocaine, a felony of the fourth degree, in case number 2006 CR 4833. On September 29, 2006, Lyles received community control sanctions for a period not to exceed five years in case number 2006 CR 2149, and on May 18, 2007, Lyles received five years intensive community control supervision in case number 2006 CR 4833. Collins violated the terms and conditions of his community control, and on October 24, 2007, following a hearing, the trial court sentenced Lyles to two concurrent twelve month terms of imprisonment for the violations.
 {¶ 2} Appointed counsel for Lyles filed an Anders brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, stating that he can find no meritorious issues for appellate review. We notified Lyles of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This matter is now before us for our independent review of the record. Penson v. Ohio
(1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 3} Lyles' appellate counsel has identified one possible issue for appeal as follows:
 {¶ 4} "The trial court abused its discretion in revoking probation and sentencing Mr. Lyles to two twelve month prison terms."
 {¶ 5} "The right of the defendant to continue on probation rests within the sound discretion of the court. (Internal citation omitted). Therefore, we review the trial court's decision for abuse of discretion, which `means more than a mere error of law or an error in judgment. It implies an unreasonable, arbitrary, unconscionable attitude on the part of the trial *Page 3 
court.' (Internal citation omitted). A decision is unreasonable and, therefore, an abuse of discretion if no sound reasoning process supports the decision. (Internal citation omitted)."
 {¶ 6} State v. Williams, Greene App. No. 2007-CA-28, 2008-Ohio-2385.
 {¶ 7} Lyles' community control sanctions in both matters included in relevant part: a requirement that Lyles attend the Seek Work Opportunity Program ("S.W.O.P."), obtain and maintain full-time verifiable employment, establish paternity as well as comply with any court ordered child support for his dependents, and complete treatment at CADAS plus any further treatment recommended by his community control officer and the court. The Termination Entry in case number 2006 CR 4833 contains a special instruction as follows: "NO Breaks," and it provides, "If you violate any condition of this sanction, or if you violate any law, the court can impose a longer time under the same sanction, impose a more restrictive sanction, or a prison term of 18 months CRC to be served consecutively or concurrently."
 {¶ 8} A review of the transcript of the probation revocation hearing reveals that Lyles did not comply with the terms and conditions of his community control. Two of his probation officers, Grace Everson and Amanda Koenig, testified, as well as Lyles. The record reveals, on August 20, 2007 Lyles was arrested for domestic violence. The victim was his girlfriend, and children were present when the offenses occurred. Lyles failed to establish paternity as required. He did not attend the S.W.O.P. program, and he did not obtain employment. Everson testified that Lyles, on September 5th, 2007, tested positive for cocaine.
 {¶ 9} Lyles was on notice that violation of the terms and conditions of his community control could result in the imposition of a prison term of 18 months, and, given the numerous violations that occurred, the trial court did not abuse its discretion in imposing two twelve *Page 4 
month concurrent terms of incarceration.
 {¶ 10} In addition to reviewing the possible issue for appeal raised by Lyles' appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Lyles' appeal is without merit and the judgment of the trial court is affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1